# EXHIBIT A

**(*Proposed* Order)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Canoo Inc.,[1] | Case No. 25-10094 (BLS) |
| Debtor. | (Jointly Administered) |
| | **Related Docket No. 5** |

**ORDER (I) AUTHORIZING DEBTORS TO FILE UNREDACTED
VERSIONS OF THE CREDITOR MATRIX, THE SCHEDULES
AND STATEMENTS, AND RELATED DOCUMENTS UNDER
SEAL, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), (i) authorizing the Debtors to (a) redact the Bankruptcy Documents to remove addresses of individuals that are parties to contracts for the purchase of electronic vehicles manufactured by the Debtors, former employees, including officers and former directors of the Debtors, and individual investors, and information regarding government contracts that incorporate confidentiality requirements due to national security concerns from the publicly-filed versions of the Bankruptcy Documents and (b) file the unredacted Bankruptcy Documents under seal, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors and Chapter 7 Trustee are authorized to redact information regarding the home addresses of individuals that are parties to contracts for the purchase of electronic vehicles manufactured by the Debtors, individual creditors, including the Debtors' employees, officers, directors, and equity holders, and information regarding government contracts that incorporate confidentiality requirements due to national security concerns, from any Bankruptcy Documents that the Debtors or Chapter 7 Trustee, as applicable, file. Any service on the Debtors' employees and other individual creditors shall be made on their residential addresses.

3. To the extent not already filed, the Debtors are directed to file unredacted versions of the Bankruptcy Documents under seal within the applicable time periods prescribed by the Bankruptcy Rules and Local Rules; *provided*, *however*, that the Debtors shall provide unredacted versions of the Bankruptcy Documents to (a) the Chapter 7 Trustee and his counsel, and (b) the Court.

4. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

- 3 -

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

4926-9843-6887, v. 1