IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CANOO, INC, *et al.,*[1]<br><br>　　　　Debtors. | ) Chapter 7<br>)<br>) Case No. 25-10094 (BLS)<br>)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: March 12, 2025 at 11:00 a.m.**<br>) **Objection Deadline: March 5, 2025 at 4:00 p.m.**<br>) |

## MOTION OF IPFS CORPORATION OF CALIFORNIA FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE INSURANCE POLICIES EFFECTIVE JANUARY 17, 2025

IPFS Corporation of California ("IPFS"), by and through its undersigned attorneys, hereby moves this Court for an order granting IPFS relief from the automatic stay pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") in order to terminate certain insurance policies of the above-captioned debtors (the "Debtors") effective January 17, 2025, and in support thereof respectfully states as follows:

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

**I.　　Background Regarding the Bankruptcy**

2.　　On January 17, 2025 (the "Petition Date"), the Debtors filed a voluntary petition with this Court under chapter 7 of the Bankruptcy Code.

---

[1]　　The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS.

3. Jeoffrey L. Burtch was appointed as chapter 7 trustee for the Debtors' bankruptcy estate (the "Trustee").

4. On January 17, 2025, the Debtors filed their creditor matrix [D.I. 1]. IPFS was not included in the creditor matrix.

5. On January 23, 2025, the Official Form 309C Notice of Chapter 7 Bankruptcy Case [D.I. 7] (the "Notice of Bankruptcy") was filed, which included a list of those who received the Notice of Bankruptcy. IPFS was not a recipient of the Notice of Bankruptcy.

**II.     Background Regarding the Policies**

6. IPFS and Debtor Canoo, Inc. are parties to a premium finance agreement, attached hereto as **Exhibit A** (the "Premium Finance Agreement for Account CAP-63146"), executed in August 2024, by which IPFS financed $3,107,754.86 of Debtor Canoo, Inc.'s premiums for various insurance policies (the "Account CAP-63146 Policies"). The Account CAP-63146 Policies include general liability, umbrella, property, excess liability, equipment, package, and stock throughput coverages.

7. IPFS and Debtor Canoo Technologies, Inc. are parties to a premium finance agreement, attached hereto as **Exhibit B** (the "Premium Finance Agreement for Account CAF-D40761" and, together with the Premium Finance Agreement for Account CAP-63146, the "Premium Finance Agreements"), executed in May 2024, by which IPFS financed $102,212.50 of Debtor Canoo Technologies, Inc.'s premiums for the insurance policy (the "Account CAF-D40761 Policies" and, together with the Account CAP-63146 Policies, the "Policies"). The Account CAF-D40761 Policies include coverage for employment practices liability.

8. Both Premium Finance Agreements require, among other things, Debtors Canoo, Inc. and Canoo Technologies, Inc. to make monthly payments. See Premium Finance Agreements

("[T]he insured agrees to pay Lender at the branch office address shown above, or as otherwise directed by the Lender, the amount stated as Total of Payments in accordance with the Payment Schedule . . . ."). The Premium Finance Agreements provide that failure to pay monthly payments constitutes a default. See Premium Finance Agreements ¶ 5 ("Insured will be in default if a payment is not made when it is due."). A default grants IPFS the power of attorney to cancel the subject policies. See Premium Finance Agreements ¶ 2 ("Insured irrevocably appoints its Lender attorney-in-fact with full power of substitution and full authority upon default to cancel all polices above identified.").

9. Upon cancellation due to default, the terms of the Premium Finance Agreements authorize IPFS to receive any and all unearned premiums and apply them to the unpaid balance due under the Premium Finance Agreements. See Premium Finance Agreements ¶¶ 1-2.

10. Additionally, under the terms of the Premium Finance Agreements, in the event of a default, IPFS is entitled to its collection costs including reasonable attorneys' fees. See Premium Finance Agreements ¶ 13. IPFS estimates that its attorneys' fees relating to this motion are no less than $5,000.

11. On January 16, 2025, with Debtor Canoo, Inc. in default of the Premium Finance Agreement for Account CAP-63146, IPFS sent a notice of cancellation of the Account CAP-63146 Policies, attached as **Exhibit C** (the "Notice of Cancellation") to the Debtors. IPFS did not have knowledge of the Debtors' chapter 7 cases at the time the Notice of Cancellation was mailed on January 16, 2025.

12. In connection to the Account CAF-D40761 Policies, Debtor Canoo Technologies, Inc. defaulted on the January 1, and February 1, 2025 installments of $10,606.93 each. The total amount due is $34,163.85, which includes late charges of $2,343.06. The approximate value of

3

the collateral on the Petition Date was $34,271.25; the collateral declines on a daily basis at a rate of $329.45. IPFS became undersecured on or about January 18, 2025 because of the default.

13. The Trustee has not cured the Debtors' defaults.

14. The undersigned counsel conferred with the Trustee prior to filing this Motion.

## **REQUEST FOR RELIEF**

15. Section 362(d)(1) provides that a court shall, upon request of a party in interest and after notice and a hearing, grant relief from the stay "for cause." "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997).

16. "It is well settled that the Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms." In re Carroll, 903 F.2d 1266, 1271 (9th Cir. 1990) (citation omitted); accord Folger Adam Sec., Inc. v. DeMatteis/MacGregor, J.V., 209 F.3d 252, 267 (3d Cir. 2000) (holding that it is a "fundamental principle [of the Code] that the estate succeeds only to the nature and rights of the property interest that the debtor possessed pre-petition").

17. Moreover, in determining whether cause exists to grant relief from the stay, courts have considered the legislative history of Section 362, which provides, in pertinent part, that "[g]enerally, proceedings . . . involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors." In re Rabin, 53 B.R. 529, 530-531 (Bankr. D.N.J. 1985) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess., p. 343-44 (1977)).

18. Due to the continuous decline in the value of the unearned premiums over time, IPFS being undersecured, the Debtors' and the Trustee's failure to timely pay the obligations under the Premium Finance Agreements, and IPFS's collateral position decreasing daily, the continued decrease in the value of the unearned premiums constitutes a lack of adequate protection and is thus cause for relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

19. Through this Motion, IPFS seeks relief from the automatic stay pursuant to section 362 of the Bankruptcy Code, so that IPFS may (i) exercise its right to cancel the Policies financed by the Premium Finance Agreements, effective as of January 17, 2025; and (ii) receive any and all unearned premiums and apply them to the amount due to IPFS.

## RESERVATION OF RIGHTS

20. IPFS reserves the right to amend or supplement this Motion. Additionally, IPFS expressly preserves all of its rights, claims, and defenses under applicable law.

## NOTICE

21. IPFS will provide notice of this Motion to: (a) the Trustee; (b) counsel to the Debtors; and (c) all parties that have requested notice in these cases under Fed. R. Bankr. P. 2002. IPFS submits that no other or further notice is required considering the nature of the relief requested.

**WHEREFORE**, IPFS respectfully requests this Court enter an order, in substantially the form submitted herewith, (i) terminating, annulling, and modifying the automatic stay so that IPFS may exercise its right to cancel the Policies financed by the Premium Finance Agreements effective as of January 17, 2025, retain all refunds of unearned premiums, applying such refunds to IPFS's claims against the Debtors; (ii) entitling IPFS to recover its estimated attorneys' fees of $5,000.00; and (iii) granting such other and further relief as the Court deems warranted.

                    **SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
luke.murley@saul.com

*Counsel to IPFS Corporation of California*

Dated: February 21, 2025