# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Canoo Inc., | Case No. 25-10094 (BLS) |
| Debtor. | |
| Tax I.D. No. No. 83-1476189 | |
| In re: | Chapter 7 |
| EV Global Holdco LLC, | Case No. 25-10095 (BLS) |
| Debtor. | |
| Tax I.D. No. No. N/A | |
| In re: | Chapter 7 |
| EV US Holdco Inc., | Case No. 25-10096 (BLS) |
| Debtor. | |
| Tax I.D. No. No. N/A | |
| In re: | Chapter 7 |
| Canoo Manufacturing, LLC, | Case No. 25-10097 (BLS) |
| Debtor. | |
| Tax I.D. No. No. 88-2323678 | |
| In re: | Chapter 7 |
| Canoo Sales, LLC, | Case No. 25-10098 (BLS) |
| Debtor. | |
| Tax I.D. No. No. 88-0750785 | |

| | |
|---|---|
| In re: | Chapter 7 |
| Canoo Technologies Inc., | Case No. 25-10099 (BLS) |
| Debtor. | |
| Tax I.D. No. No. 82-3375874 | |

### *AMENDED* GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by Canoo Technologies Inc. ("**Canoo Tech**"), Canoo Manufacturing LLC ("**Canoo Manufacturing**"), Canoo Sales LLC ("**Canoo Sales**"), Canoo Inc. ("**Canoo**"), EV Global Holdco LLC ("**EV Global**"), and EV US Holdco LLC ("**EV US**") and together with Canoo Tech, Canoo Manufacturing, Canoo Sales, Canoo and EV Global, the "**Company**") as debtors in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 7 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The information provided herein, except as otherwise noted, is as of January 17, 2025 (the "**Petition Date**"). While management of the Company has made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained in the Bankruptcy Schedules and inadvertent errors or omissions may exist.

The Schedules and Statements were prepared from a combination of the Company's unaudited quarterly information for the nine months ended September 30, 2024 combined with the Company's internal management reporting from October 1, 2024 until November 30, 2024 and the estimations thereafter until January 17, 2025 (the "**Internal Analysis**"). The Internal Analysis concluded, *inter alia*, that the books and records of the Company commencing December 1, 2024 have not gone through the Company's regular book close process and therefore, significant irregularities may exist, and while the Company has attempted to estimate the size of the irregularities, the lack of organized and well-kept books and records for this period, as well as obstacles resulting from an inability to access and verify certain financial information such as payables and accrued liabilities due to lack of company personnel, has hindered the Company's ability to make such an estimation. Accordingly, although prepared to the best of the Company's ability, there can be no assurance that these Bankruptcy Schedules are complete or accurate.

4911-4127-3873, v. 7

The Schedules and Statements have been signed by Ramesh Murthy, Chief Administrative and Chief Accounting Officer of the Company. In reviewing and signing the Schedules and Statements, Mr. Murthy relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Mr. Murthy has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Murthy has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules, Statements and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of the Debtors.**

## Global Notes and Overview of Methodology

1. **General Reservation of Rights.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 7 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained

elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.      The Debtors and their past or present officers, employees, attorneys, professionals and agents do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their past or present officers, employees, attorneys, professionals and/or agents be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

3.      **Basis of Presentation.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors.  The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4.      **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  The Schedules and Statements generally do not include amounts that creditors may assert on account of late fees, interest, attorney fees or costs of collection, and the Debtors reserve all rights to dispute any such amounts.

5.      **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including but not limited to certain operating lease right-to-use assets and liabilities, deferred warrant assets, warrant liabilities and any other liabilities accounted and disclosed within the Company's unaudited public financial statements.  The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist.  Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

4911-4127-3873, v. 7

6.    **Amendments and Supplements; All Rights Reserved.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist.  The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

7.    **References.**  References to applicable revolving credit facility agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8.    **Book Value.** Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of net book values as of November 30, 2024 and adjusted for manual estimations thereafter until the date of filing. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books.  Net book values may vary, sometimes materially, from market values.  The Debtors do not intend to amend these Schedules and Statements to reflect market values.

9.    **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.

10.   **Claims of Third-Party Entities.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

11.   **Liabilities.**  The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

12.   **Guarantees and Other Secondary Liability Claims.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee.  The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' revolving credit facility, executory contracts, unexpired leases, debt instruments and other such agreements may have been inadvertently omitted.

4911-4127-3873, v. 7

13. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

14. **Executory Contracts and Unexpired Leases.** The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

15. **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

16. **Causes of Action.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

17. **Undetermined Amounts.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

18. **Liens.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

19. **Addresses.** Any individual, including current employee, former employee, and officer & directors' addresses have been redacted from entries listed throughout the Schedules and Statements, where applicable.

20. **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

21. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

22. **Setoffs**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

23. **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

24. **Confidentiality:** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## General Disclosures Applicable to Schedules

25. **Estimated assets:** The estimated assets included within the statistical and administrative information within Form 201 represents the estimated amounts that the Debtors expect will be realized from the liquidation of the Debtors' total property. The foregoing estimates exclude assets that have been collateralized and assume no liquidation value for tooling assets held at creditor facilities, which may or may not be complete.

26. **Classifications.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

4911-4127-3873, v. 7

27.    **Schedule A/B - Real and Personal Property.**

a)    Schedule A/B.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date unless otherwise noted below or in the Schedules and Statements.

b)    Schedule A/B.3. Bank account balances are as of January 17, 2025.  None of the bank accounts were closed as of the date of the petition.

c)    Schedule A/B 8. Prepayments include amounts that are considered as prepaid in the general ledger based on our best estimates as of January 17, 2025.  In addition, the Debtor may have claims against its creditors arising from prepayments on completing its Tooling.

d)    Schedule A/B 18. Inventory includes raw materials held at creditors' locations and not in the possession of Canoo at the time of the petition.

e)    Schedule A/B. Parts 7 and 8. Dollar amounts are presented net of accumulated depreciation and other adjustments.  Cost and accumulated depreciation is as of November 30, 2024 and manually adjusted until the date of the petition.  The Company's records did not include any fixed asset additions or any immaterial disposals after November 30, 2024.

f)    Schedule A/B 50. Other machinery & equipment has been reconciled to the accounting books and records as follows:

| Description | Cost ($) | Net Book Value ($) | Comments |
|---|---|---|---|
| Machinery & Equipment (CIP) | $69,962,559 | $69,962,559 | |
| Machinery & Equipment (CAP) | $54,564,023 | $18,367,744 | |
| **Total** | **$124,526,582** | **$88,330,303** | |
| Amounts Excluded from above | | | |
| Tooling (CIP) | $205,682,339 | $205,682,339 | Tooling assets include paid and unpaid amounts to creditors and none of the Tooling resides within the Company's facilities. |
| Tooling (CAP) | $17,395,531 | $13,130,948 | |
| **Total** | **$223,077,870** | **$218,813,287** | |

For the purposes of Schedule A/B 50., all Tooling amounts noted above have been excluded as the estimated realizable value of such Tooling assets is unknown at the

- 8 -

time of filing this petition. The Debtors assert ownership of or an interest in all Tooling, machinery, equipment, and other property in the possession of third parties regardless of whether such items are listed individually in the Schedules.

Schedule A/B.54. The Debtors do not own any real property.

g)    Schedule A/B.15. Equity interests in subsidiaries and affiliates arise from common stock ownership. For purposes of these Schedules, the value of the Debtors' interests is undetermined. The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

h)    Schedule A/B 60-61. Intellectual property is listed in Schedule A/B 60-61 as an undetermined amount because the fair market value of such property is dependent on numerous variables and factors. The Debtors do not have a net book value for these assets as of the petition date. Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

i)    Schedule A/B 72. Interests in Net Operating Losses ("**NOLs**"). NOLs are estimated as of the petition date at approximately $1,227,698,676 for the consolidated tax filing group of Canoo Inc. and its subsidiaries and affiliates. The value of such NOLs is listed in Schedule A/B 72 as "Unknown" because the realizable value of such tax attributes is uncertain and not capable of determination at this time. G)

j)    Schedule A/B 74/75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim. In the ordinary course of its business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds or potential warranty Claims against its suppliers. Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

k)    Schedule A/B73. Interests in Insurance Policies or Annuities. All known current insurance policies are listed in response to Schedule A/B 73.

28.    **Schedule D - Creditors Holding Secured Claims.** The Claims listed on Schedule D arose or were incurred on various dates.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the

nature, extent and priority of any liens. Nothing in these Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors have made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

In addition to those stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits which have not been listed on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Schedule D excludes the impact of any amounts owed to Integrated Micro-Electronics Inc. ("**IMI**"), a Philippines corporation, from the security agreement entered into between Canoo Technologies Inc. and IMI on November 10, 2023, wherein, certain assets were pledged as collateral only upon the occurrence of an event of default, which includes an event of bankruptcy or insolvency.

29.     **Schedule E/F— Creditors Holding Unsecured Claims.** The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtors. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of November 30, 2024 and thereafter adjusted to arrive at estimates as of the Petition Date. Certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Included within creditors with priority unsecured claims are two severance payables due to former executives of the company, as well as two unpaid relocation allowances due to employees of the company.

Schedule E/F also includes reservation deposits that were submitted electronically. The Debtors do not generally maintain physical mailing addresses for depositors.

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

4911-4127-3873, v. 7

30.     **Schedule G — Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

During the ordinary course of business, the Debtors from time to time have entered into confidentiality and non-disclosure agreements ("NDA's") with potential and current suppliers, partners, investors and customers. The volume of such NDAs is extensive. The Debtors have not listed such NDAs within Schedule G, and take no position on whether such agreements are executory within the meaning of the Bankruptcy Code.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable.

31.     **Schedule H — Co-debtors.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred.

The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of its business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of its business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they may not have been set forth individually on Schedule H.

Schedule H also reflects guarantees by the Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements.

## General Disclosures Applicable to Statements

32.     **Questions 1 and 2.** The gross revenue and non-business revenue reported from January 2023 to the date of petition filing.

4911-4127-3873, v. 7

33.     **Question 3 and 4.** For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

**Question 3.** Question 3 includes any cash disbursement or other cash transfers made by the Debtors except for those made to employees. Non-cash transfers, such as issuances of restricted stock units, vesting of restricted stock units and other similar transactions, are not listed.

34.     **Question 4.** The Debtors have listed cash payments to or for the benefit of insiders. Non-cash transfers, such as issuances of restricted stock units, vesting of restricted stock units and other similar transactions, are not listed.

For purposes of the Schedules and Statements, the Debtors have included as insiders individuals who, based upon the totality of circumstances, may have a controlling interest in, or exercise sufficient control over, the Debtors so as to dictate corporate policy and the disposition of assets. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose.

35.     **Question 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

36.     **Question 10.** The Debtors have made best efforts to collect applicable and responsive information however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

37.     **Question 13.** The Debtors have liquidated certain assets in the process of consolidating its operations. The Debtors have made reasonable efforts to respond comprehensively to Question 13, including by listing all individual asset transfers, but certain *de minimis* asset sales may be inadvertently omitted.

38.     **Question 26d.** The Debtors have supplied financial statements and reports in the ordinary course of business to certain third parties under confidentiality agreements. Such third parties include service providers assisting in or providing inputs to the Debtors accounting records, and certain other creditors and their advisors.

39.     **Question 30.** For this question, please reference Statement of Financial Affairs, Question 4.

4911-4127-3873, v. 7

Debtor name   **Canoo Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **25-10094 (BLS)**

■ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals
**12/15**

| Part 1: | Summary of Assets |
|---|---|

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*..................................................................................... $     **0.00**

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................... $     **0.00**

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................... $     **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*................... $     **13,747,370.00**

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................... $     **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$     **0.00**

4. **Total liabilities** ........................................................................................................
   Lines 2 + 3a + 3b       $     **13,747,370.00**

Debtor name          **Canoo Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **25-10094 (BLS)**

■ Check if this is an
   amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- |

14.    **Mutual funds or publicly traded stocks not included in Part 1**
       Name of fund or stock:

15.    **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
       Name of entity:                                      % of ownership

| 15.1. | **Equity Interest of EV US Holdco LLC** | **100** | % | | **Unknown** |
| --- | --- | --- | --- | --- | --- |

16.    **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17.    **Total of Part 4.**

|  | $0.00 |
|---|---|

Add lines 14 through 16.  Copy the total to line 83.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **4461 Zarrow Street, Pryor, Oklahoma 74361** | **Lease** | **Unknown** |  | **Unknown** |
| 55.2.  **9528 West 1-40 Service Road, Oklahoma City, Oklahoma 73128** | **Lease** | **Unknown** |  | **Unknown** |

56.  **Total of Part 9.**

| | $0.00 |
|---|---|

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
     Description (include name of obligor)

72.  **Tax refunds and unused net operating losses (NOLs)**
     Description (for example, federal, state, local)
     **NOLS are estimated at $1,227,698,676.00 for consolidated tax filing group of Canoo Inc., subsidiaries and affiliates. Value is unknown. In January 2024, Company filed with IRS an Employee Retention Credit Tax Refund for $11M. This was subsequently financed, for which there exists a UCC lien and a Wells Fargo DACA account. Entity refinanced is OABL XXIII LLC (UCC Lien No. 2024 3270400)**

| Tax year **2021** | **Unknown** |
|---|---|

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78.  **Total of Part 11.**

| | $0.00 |
|---|---|

Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No

☐ Yes

Debtor    **Canoo Inc.**                                    Case number *(If known)*  **25-10094 (BLS)**
          Name

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*...................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 + 91b. | $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 5

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:**    **List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br><br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1**   **15520 Hwy 114 LLC**<br>Creditor's Name<br><br>**2126 Hamilton Road**<br>**Suite 260**<br>**Argyle, TX 76226**<br>Creditor's mailing address | **Describe debtor's property that is subject to a lien**<br><br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☐ No<br>☑ Yes | $326,494.00 | $73,180.00 |

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | | |
|---|---|---|---|
| **2.2**   **15306 Hwy 114 LLC**<br>Creditor's Name<br><br>**2126 Hamilton Road**<br>**Suite 260**<br>**Argyle, TX 76226**<br>Creditor's mailing address | **Describe debtor's property that is subject to a lien**<br><br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☐ No<br>☑ Yes | $61,723.00 | $8,000.00 |

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **AFV Management Advisors, LLC** | Describe debtor's property that is subject to a lien | $11,087,037.00 | $84,974,896.00 |
|---|---|---|---|---|

Creditor's Name

**2126 Hamilton Road Suite 260 Argyle, TX 76226**

Creditor's mailing address

**Debtors' Equipment**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
☐ No
☑ Yes

**Date debt was incurred**

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.4 | **I-40 OKC Partners LLC** | Describe debtor's property that is subject to a lien | $2,214,144.00 | $2,700,000.00 |
|---|---|---|---|---|

Creditor's Name

**2126 Hamilton Road Suite 260 Argyle, TX 76226**

Creditor's mailing address

**9528 West I-40 Service Road, Oklahoma City, Oklahoma 73128**

Describe the lien
**Security Deposit**

Creditor's email address, if known

Is the creditor an insider or related party?
☐ No
☑ Yes

**Date debt was incurred**

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **Oklahoma Ordnance Works Authority** | Describe debtor's property that is subject to a lien | Unknown | Unknown |
|---|---|---|---|---|

Creditor's Name

**P.O. Box 945 Pryor, OK 74362**

Creditor's mailing address

**4461 Zarrow Street, Pryor, Oklahoma 74361**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
☑ No
☐ Yes

Is anyone else liable on this claim?

---

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ☑ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.6 | **Snap-On Credit LLC** | Describe debtor's property that is subject to a lien | $57,972.00 | Unknown |
|---|---|---|---|---|

Creditor's Name

**950 Technology Way**
**Suite 301**
**Libertyville, IL 60048**
_____
Creditor's mailing address

Describe the lien
_____

_____
Creditor's email address, if known

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ☑ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$13,747,370.00** |
|---|---|

**Part 2:** **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Alexander Roitman, Esquire**<br>**Seyfarth Shaw LLP**<br>**Two Seaport Lane**<br>**Suite 1200**<br>**Boston, MA 02210** | Line __2.3__ | |

Debtor name **Canoo Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known) **25-10094 (BLS)**

☑ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                                 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Canoo Technologies Inc.** | **19951 Mariner Avenue Torrance, CA 90503** | **15520 Hwy 114 LLC** | ☑ D __2.1__<br>☐ E/F _____<br>☐ G _____ |
| 2.2 | **Canoo Technologies Inc.** | **19951 Mariner Avenue Torrance, CA 90503** | **15306 Hwy 114 LLC** | ☑ D __2.2__<br>☐ E/F _____<br>☐ G _____ |
| 2.3 | **Canoo Technologies Inc.** | **19951 Mariner Avenue Torrance, CA 90503** | **AFV Management Advisors, LLC** | ☑ D __2.3__<br>☐ E/F _____<br>☐ G _____ |
| 2.4 | **Canoo Technologies Inc.** | **19951 Mariner Avenue Torrance, CA 90503** | **I-40 OKC Partners LLC** | ☑ D __2.4__<br>☐ E/F _____<br>☐ G _____ |

Debtor name    **Canoo Inc.**

United States Bankruptcy Court for the:    **DISTRICT OF DELAWARE**

Case number (if known)    **25-10094 (BLS)**

☑ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☑ *Amended Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☑ Amended *Schedule*    **A/B, D, H**
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 24, 2025**      X   */s/ Ramesh Murthy*
                                         Signature of individual signing on behalf of debtor

                                         **Ramesh Murthy**
                                         Printed name

                                         **Chief Administrative Officer, SVP Finance,**
                                         **Chief Accounting Officer**
                                         Position or relationship to debtor

Debtor name  **Canoo Inc.**

United States Bankruptcy Court for the:  **DISTRICT OF DELAWARE**

Case number (if known)  **25-10094 (BLS)**

☑ Check if this is an
amended filing

# Official Form 207

## *AMENDED* Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:  Income

1. **Gross revenue from business**

   ☑ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|

### Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy From-To |
|---|---|
| 14.1.    **19951 Mariner Avenue**<br>**Torrance, CA 90503** | |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

     ☑ No Go to Part 10.
     ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| **Canoo, Inc. 401(k) Plan, 52590** (Plan Advisor: Prime Capital Investment Advisors, LLC) | EIN:  **82-1364595** |

     Has the plan been terminated?

☑ No
☐ Yes

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12:   Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.<br>☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.<br>☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.1. **EV Global Holdco LLC**<br>**15520 Highway 114**<br>**Suite 2C**<br>**Justin, TX 76247** | | EIN:<br><br>From-To |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and address | Date of service<br>From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    **Financials are Included in SEC Filings** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ☑ No
    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Tony Aquila** | **[ADDRESS ON FILE]** | **Board Member and Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Kunal Bhalla** | **[ADDRESS ON FILE]** | **Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Foster Chiang** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Thomas Dattilo** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Deborah Diaz** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Claudia Romo Edelman** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Arthur Kingsbury** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Ramesh Murthy** | **[ADDRESS ON FILE]** | **Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Debra von Storch** | **[ADDRESS ON FILE]** | **Board Member** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Sean Yan** | **[ADDRESS ON FILE]** | **Officer** | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Rainer Schmueckle | [ADDRESS ON FILE] | Director | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Jossette Sheeran | [ADDRESS ON FILE] | Director | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Gregory D. Ethridge | [ADDRESS ON FILE] | Officer | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| James Chen | [ADDRESS ON FILE] | Director | |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Hector Ruiz | [ADDRESS ON FILE] | Officer | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Canoo Inc. | EIN:   83-1476189 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 24, 2025**

*/s/ Ramesh Murthy*                                    **Ramesh Murthy**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **Chief Administrative Officer, SVP Finance, Chief Accounting Officer**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☑ No
☐ Yes