# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>CANOO, INC., *et al.*[1]<br>　　　　　　Debtors. | Chapter 7<br>Case No. 25-10094 (BLS)<br>(Jointly Administered)<br>**Re: D.I. 35** |

## HARBINGER MOTORS INC.'S LIMITED OBJECTION TO APPLICATION OF CHAPTER 7 TRUSTEE TO RETAIN MUNCK WILSON MANDALA, LLP AS SPECIAL COUNSEL FOR INTELLECTUAL PROPERTY MATTERS

Harbinger Motors Inc. ("Harbinger"), by its undersigned counsel, hereby files this limited objection (the "Objection") in response to the *Application of Chapter 7 Trustee to Retain Munck Wilson Mandala, LLP as Special Counsel for Intellectual Property Matters* [D.I. 35] (the "Motion"). In support of its Objection, Harbinger states as follows:

### LIMITED OBJECTION[2]

1.　Harbinger is an electric vehicle manufacturer, a contingent creditor, and a defendant in a pre-petition lawsuit commenced by debtor Canoo Technologies, Inc. more than two years ago that remains pending in California (the "Trade Secret Case").[3]

2.　In the Motion, the Trustee seeks authority to retain the law firm Munck Wilson Mandala, LLP ("Munck Wilson") as special litigation counsel to, among other things, represent

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing LLC (25-10097 BLS);and Canoo Sales, LLC (25-10098 BLS).

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them in the Motion or as set forth below.

[3] Specifically, the Trade Secret Case refers to the action pending in the United States District Court for the Central District of California, Western Division, captioned *Canoo Technologies, Inc. v. Harbinger Motors Inc.*, 2:22-cv-09309-FLA-JC in which Canoo Technologies, Inc. alleges that Harbinger and several of its current or former officers misappropriated trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. ("DTSA") and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1 ("CUTSA").

him in the Trade Secret Case. For services rendered in that matter, the Trustee proposes to grant to Munck Wilson "a contingent fee equal to fifty percent (50%) of any Net Recovery [as defined in the Motion] realized on account of the claims asserted" in the Trade Secret Case. Motion ¶7(a) (the "Contingency Fee").

3. Harbinger objects to the Contingency Fee on the ground that it is (a) plainly above market (the overwhelming majority of contingency fees authorized in similar circumstances are in the range of 30-40%) and (b) is proposed without explanation. Indeed, although Harbinger believes the claims asserted in the Trade Secret Case are meritless, Munck Wilson's over-sized Contingency Fee appears designed to re-capture to the extent possible the multi-million pre-petition claim for unpaid fees it apparently has against the estates.

4. The Court should strike the Contingency Fee and replace it with 35%.

## CONCLUSION

For the foregoing reasons, the Court should strike the Contingency Fee, replace it with 35%, and grant such other and further relief as the Court deems just and proper.

Dated: March 28, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler DE Bar No. (4142)
John A. Morris (*pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email: bsandler@pszjlaw.com
jmorris@pszjlaw.com
crobinson@pszjlaw.com

-and-

SHAPIRO ARATO BACH
Jonathan P. Bach (*pro hac vice*)
Daniel J. O'Neill (*pro hac vice*)
Shapiro Arato Bach LLP
1140 Avenue of the Americas
New York, NY 10036
Telephone: (212) 257-4880
Email:   jbach@shapiroarato.com
         doneill@shapiroarato.com

*Counsel to Harbinger Motors Inc.*