# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CANOO INC. *et al.*,[1] | Case No. 25-10094 (BLS) |
| Debtors. | (Jointly Administered) |

## MOTION FOR LEAVE TO FILE OMNIBUS REPLY IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING ASSET PURCHASE AGREEMENT PURSUANT TO 11 U.S.C. § 363 AND (B) GRANTING RELATED RELIEF

WHS Energy Solutions, LLC, a Delaware limited liability company, formerly WHS Energy Solutions, Inc., a Delaware corporation ("**WHS**") hereby files this motion (the "**Motion for Leave**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting WHS leave to file its reply (the "**Reply**") in further support of the *Chapter 7 Trustee's Motion for Entry of an Order: (A) Approving Asset Purchase Agreement Pursuant to 11 U.S.C. § 363 and (B) Granting Related Relief* [Docket No. 51] (the "**Motion**") and in response to certain objections filed in connection with the Motion, outside of the time period prescribed by Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). A copy of the Reply is attached hereto as **Exhibit B**. In support of this Motion for Leave, WHS respectfully represents as follows:

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS (collectively, the "**Debtors**").

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and WHS confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein is section 105(a) of title 11 of the United States Code and Rule 9006-1(d) of the Local Rules.

## BACKGROUND

4. On January 17, 2025 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code. On or about the Petition Date, the Office of the United States Trustee appointed Jeoffrey L. Burtch as interim chapter 7 Trustee (the "**Trustee**").

5. On March 4, 2025, the Trustee filed the Motion.

6. Objections to the Motion were due on March 28, 2025, which deadline was extended for certain parties.

7. As of April 1, 2025, eleven limited objections were filed to the Motion, D.I. 77, 84, 95, 99, 102, 104, 105, 111, 113, 115, 122 (collectively, the "**Objections**").

ADMIN 699224520v1

8. In the proposed Reply, WHS asks the Court, among other things, to (a) overrule the Objections and (b) enter an order granting the Motion, consistent with the relief requested therein.

## **RELIEF REQUESTED**

9. Local Rule 9006-1(d) states, "Reply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. (ET) two business days prior to the hearing.

10. Pursuant to Local Rule 9029-3(a), the agenda for hearing on the Motion, as scheduled for the April 9, 2025 is due to be filed today, in the morning of April 7, 2025. Given the intervening weekend, pursuant to Local Rule 9006-1(d), WHS would have had until Friday April 4, 2025 at 4:00 p.m. (ET) to file the Reply.

11. Negotiations have been ongoing among the parties, including through this past weekend. WHS and the Trustee have been able to resolve certain Objections, but certain Objections remain outstanding. Accordingly, WHS seeks leave to file the Reply outside of the time prescribed by the Local Rules. WHS believe the Reply will assist the Court by (i) clarifying and narrowing the issues that need to be addressed at the April 9, 2025 hearing; and (ii) further explaining the appropriateness of the relief sought in the Motion. WHS submits that the relief requested herein is reasonable under the circumstances and should be approved.

## **CONCLUSION**

WHEREFORE, WHS respectfully requests that the Court grant this Motion for Leave, enter the Proposed Order, and permit WHS to file the Reply and grant such other relief as is just and proper.

3

Dated: April 7, 2025
Wilmington, Delaware

GREENBERG TRAURIG, LLP

/s/ Dennis A. Meloro
Dennis A. Meloro (DE Bar No. 4435)
Anthony W. Clark (DE Bar No. 2051)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 661-7000
Email: Dennis.Meloro@gtlaw.com
        Anthony.Clark@gtlaw.com

-and-

J. Gregory Milmoe (admitted *Pro Hac Vice*)
One International Place
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to WHS Energy Solutions, LLC*

ADMIN 699224520v1