**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| Canoo, Inc., *et al.*[1] | Case No. 25-10094 (BLS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. 89** |

### TACHI-S ENGINEERING U.S.A., INC.'S OBJECTION TO THIRD NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED [DKT NO. 89]

Tachi-S Engineering U.S.A., Inc. ("Tachi-S"), by its undersigned counsel, hereby objects to the Third Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned [Dkt No. 89, the "Notice"]. In support of its objection, Tachi-S states as follows:

### A.    BACKGROUND

1.    Tachi-S is a Michigan-based subsidiary of Tachi-S Co., Ltd. ("Tachi Japan"). Tachi Japan is the ultimate parent company of a global network of affiliated automotive seating engineering and manufacturing companies operating at more than 60 locations in 11 countries.

2.    On October 2, 2018, Debtor Canoo Technologies Inc. ("Canoo Tech," then known as EVelozcity Inc.), entered into what was called a "Collaboration Agreement" with Tachi-S for the design, development, engineering and testing of certain automotive seating parts and assemblies (collectively, the "Seating") to be used in future Canoo-branded vehicles.

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc. (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

3.      Canoo Tech and/or its Debtor affiliates (collectively, the "Debtors") subsequently entered into myriad purchase orders (the "Purchase Orders") with Tachi-S for the actual manufacture and sale of the Seating.

4.      In order to be able to manufacture the Seating pursuant to Purchase Orders, Tachi-S was in some cases first required to design and manufacture, or subcontract with its global affiliates and/or subsuppliers to manufacture, myriad pieces of unique manufacturing tools, jigs, gauges, fixtures and the like (which are commonly referred to in the automotive industry as "Tooling"). As per common automotive industry practice, the Debtors directed Tachi-S to manufacture some of the Tooling with agreements that the Debtors would have the right to claim title and possession to any such customer-directed Tooling provided the Debtors first paid Tachi-S the purchase price of such Tooling.

5.      The Debtors repeatedly defaulted in making payments under their Purchase Orders to Tachi-S, causing Tachi-S to terminate the Collaboration Agreement and the Purchase Orders.

6.      On May 24, 2023, Debtors and Tachi-S entered into an "Agreement Relating to Delivery of NASA Seats" (the "2023 Agreement"), which by its terms superseded all prior agreements between the parties. A true and accurate copy of the 2023 Agreement is attached as **Exhibit A** hereto.  In the 2023 Agreement, the Debtors acknowledged that the Collaboration Agreement and Purchase Orders had been terminated by Tachi-S due to Debtors' repeated payment defaults, and the Debtors further acknowledged that they owed Tachi-S more than $15.6 million dollars (defined in the 2023 Agreement as the "Acknowledged Debt").

7.      However, the Debtors subsequently failed to pay the Acknowledged Debt to Tachi-S, leading Tachi-S to file a lawsuit against Canoo Tech. on June 28, 2023 in the United States

2

District Court for the Eastern District of Michigan, Case No. 2:23-cv-11548-JJCG-CI.  The case is stayed by the Debtors' bankruptcy filing.

8.      As of the Petition Date, the Debtors still owe Tachi-S the Acknowledged Debt of more than $15.6 million dollars.  *See* Claims Register, Tachi-S Proof of Claim No. 13 filed March 3, 2025 (the "POC").

**B.      TACHI-S'S OBJECTIONS**

9.      Tachi-S objects to the Notice, out of an abundance of caution, because the Notice lists wholly unidentified contracts with Tachi-S as "Provisionally Designated Contracts" having a "cure cost" of $7,987,609.

10.      First, Tachi-S cannot discern from the Notice what specific contracts, if any, the Trustee may seek to assume and assign to the Buyer.

11.      Second, Tachi-S does not have any executory contracts with the Debtors. The 2023 Agreement makes clear that any such contracts were already terminated years before the Debtors filed for chapter 7.

12.      Third, even assuming arguendo that there are any executory contracts remaining, neither the Trustee nor the Buyer have provided adequate assurance – or any assurance at all – of future performance of such contracts by the Buyer.

13.      Fourth, given the Debtors' past performance history, and given the fact that the Buyer is controlled by an insider of the Debtors and the Buyer's own operational and financial wherewithal is entirely unknown, Tachi-S has ample reason to doubt that the Buyer can perform any such executory contracts.

14.      Fifth and finally, again assuming *arguendo* that there are any executory contracts remaining, the "cure cost" of assuming those contracts is at a minimum the amount of the

3

Acknowledged Debt of more than $15.6 million.  The Notice incorrectly states a "cure cost" of less than $8 million.

### C.    CONCLUSION

15.    For all of the foregoing reasons, Tachi-S objects to the Notice.

Respectfully submitted,

April 11, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward, Esq. (Del. Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: matthew.ward@wbd-us.com

-and-

**DICKINSON WRIGHT PLLC**
James A. Plemmons, Esq.
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500
Facsimile: (844) 670-6009
Email: jplemmons@dickinsonwright.com

*Counsel to Tachi-S Engineering U.S.A., Inc.*