**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CANOO INC. *et al.*,[1] | Case No. 25-10094 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 51, 89 |

**AUTOKINITON US HOLDINGS, INC.'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE THIRD NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS AND THE PROPOSED CURE AMOUNTS**

Autokiniton US Holdings, Inc. ("Autokiniton") hereby submits this objection and reservation of rights (this "Objection") with respect to the *Third Notice of Executory Contracts and Unexpired Leases That May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Estates' Assets, and the Proposed Cure Amounts* [D.I. 89] (the "Cure Notice")[2] filed and served by the Chapter 7 Trustee Jeoffrey L. Burtch (the "Trustee") for the estate of Canoo, Inc. and affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 7 cases (the "Chapter 7 Cases"). In support of this Objection, Autokiniton respectfully represents as follows:

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cure Notice.

**FACTUAL BACKGROUND**

A. **The Bankruptcy Proceeding.**

1. On January 17, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and the Trustee was appointed. The Chapter 7 Cases are being jointly administered.

2. On March 4, 2025, the Trustee filed a motion seeking, among other things, authority to enter into an Asset Purchase Agreement for the sale of substantially all of the Debtors' assets and to assume and assign executory contracts in connection therewith [D.I. 51] (the "Sale Motion"). On April 9, 2025, the Court entered an order approving the Asset Purchase Agreement and the sale, selling the Debtors' assets to an insider (the "Buyer") [D.I. 141] (the "Sale Order").

3. On March 24, 2025, the Debtors filed and served the Cure Notice listing Autokiniton as a vendor whose contracts may be assumed and assigned to the Buyer. The Cure Notice does not specify which contracts are to be assumed and assigned, but lists the proposed cure amount as $1,345,447.00 (the "Proposed Cure Amount").

B. **The Autokiniton Contracts**

4. Prior to the Petition Date, Autokiniton and the Debtors entered into two Tooling Purchase Orders (the "Purchase Orders," attached hereto as **Exhibit A**). The Debtors failed to pay all of the amounts owed under the Purchase Orders.

5. On April 14, 2023, Autokiniton sent a demand letter for the amounts outstanding under the Purchase Orders (the "Demand Letter," attached hereto as **Exhibit B**), noting that the Debtors did not dispute that they owed Autokiniton $3,302,921.00 under the Purchase Orders.

6. Despite negotiations between the parties after Autokiniton sent the Demand Letter, the Debtors never paid the amounts owed, and still owe Autokiniton $3,302,921.00.

## OBJECTION

**A. The Amount Required to Cure the Purchase Orders Far Exceeds the Debtors' Proposed Cure Amount**

7. Autokiniton objects to the Proposed Cure Amount of $1,345, 447.00 listed on the Cure Notice. The actual amount which is required to cure the Purchase Orders is $3,302,921.00. Section 365(b) of the Bankruptcy Code provides that before assuming and assigning any executory contracts, the Debtors are required to cure (or provide adequate assurance of a prompt cure of) *any and all* defaults under those contracts. 11 U.S.C. § 365(b).

8. Before the Debtors may assume and assign the Purchase Orders to the Buyer, the Debtors must pay Autokiniton $3,302,921.00, as the total Cure Cost to fulfill the requirements of Section 365(b).

## RESERVATION OF RIGHTS

9. Furthermore, Autokiniton reserves all rights to supplement or amend this Objection and to raise additional grounds. Autokiniton further reserves all rights and remedies in this matter, including, but not limited to, the treatment and enforcement of the Purchase Orders or any other contracts that it has with the Debtors. Nothing in this Objection should be construed as a waiver of any of Autokiniton's rights and/or defenses.

10. In addition, Autokiniton further reserves the right to object to adequate assurance of future performance. The Debtors and the Buyer seeking to take assignment of the Purchase Orders must provide Autokiniton with adequate assurance of future performance pursuant to Bankruptcy Code section 365(f)(2)(B). None has been provided as of the date hereof.

11. Autokiniton expressly reserves the right to amend, modify, or supplement this Objection to (a) assert additional monetary or non-monetary defaults under the Purchase Orders, and (b) identify additional executory contracts with the Debtors that may have been omitted from the Cure Notice. Moreover, by this Objection, or any later appearance, pleading, or claim, Autokiniton does not waive any other rights, claims, actions, defenses, set-offs, or recoupments to which it is or may be entitled under the Purchase Orders, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

**WHEREFORE**, Autokiniton respectfully requests entry of an order (i) sustaining this Objection and finding that the appropriate cure amount for the Purchase Orders is $3,302,921.00; (ii) requiring the Debtors to pay that amount to Autokiniton before the Purchase Orders can be assumed and assigned pursuant to Section 365(b) and (iii) granting such other relief as it deems just and proper.

Dated: April 14, 2025                      **BAYARD, P.A.**

/s/ Ericka F. Johnson
Ericka F. Johnson (DE No. 5024)
Ashly L. Riches (DE No. 7256)
600 North King Street, Ste. 400
Wilmington, DE  19801
Telephone:  (302) 655-5000
Email:  ejohnson@bayardlaw.cm
         ariches@bayardlaw.com

-and-

**FOLEY & LARDNER LLP**
Tamar N. Dolcourt (*pro hac vice* pending)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Telephone: (313) 234-7100
Email: tdolcourt@foley.com

*Attorneys for Autokiniton US Holdings, Inc.*