IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CANOO, INC., *et al.*[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 25-10094 (BLS)<br><br>(Jointly Administered) |
| TACHI-S ENGINEERING U.S.A., INC.,<br><br>        Plaintiff,<br><br>v.<br><br>JEOFFREY L. BURTCH, solely in his capacity as Chapter 7 trustee of the estates of DEBTORS CANOO TECHNOLOGIES INC., CANOO, INC., EV GLOBAL HOLDCO LLC, EV US HOLDCO INC., CANOO MANUFACTURING, LLC, AND CANOO SALES, LLC,<br>and<br>WHS ENERGY SOLUTIONS, INC.,<br><br>        Defendants. | Adversary Pro. No.  25-_____ (BLS) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Tachi-S Engineering U.S.A., Inc. ("Tachi-S"), by its undersigned counsel, states as follows for its Complaint for Declaratory Judgment against all Defendants:

    A.    **PARTIES, JURISDICTION AND VENUE**

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc. (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing, LLC (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

1. Plaintiff Tachi-S is a Michigan corporation and a subsidiary of Tachi-S Co., Ltd. ("Tachi Japan").

2. Tachi Japan is the ultimate parent company of a global network of affiliated automotive seating engineering and manufacturing companies operating at more than 60 locations in 11 countries.

3. Defendant Jeoffrey L. Burtch (the "Trustee") is the duly-appointed Chapter 7 Trustee of the Estates of Debtors Canoo Technologies Inc. ("Canoo Tech"), Canoo, Inc., EV Global Holdco LLC, EV US Holdco Inc., Canoo Manufacturing, LLC and Canoo Sales, LLC, which are the Debtors in these jointly-administered Chapter 7 bankruptcy cases.

4. Defendant WHS Energy Solutions, Inc. ("WHS Energy"), a Delaware corporation, is the "Buyer" as referenced in the Court's *Order (A) Approving Asset Purchase Agreement and Sale of the Debtor's Assets Pursuant to 11 U.S.C. § 363, and (B) Granting Related Relief* (Docket No. 141, the "Sale Order").

5. This Court has personal jurisdiction over the Parties, all of whom have previously directly availed themselves of this Court's jurisdiction.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), as this case arises in or is related to the Debtors' jointly-administered cases under title 11.

7. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N) and/or (O). To the extent this is not a core matter, Tachi-S consents to entries of final orders and judgments by this Court.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this action relates to the Debtors' jointly-administered cases pending before this Court.

B.  **FACTUAL BACKGROUND**

9. On October 2, 2018, Canoo Tech, then known as EVelozcity Inc., entered into what was called a "Collaboration Agreement" with Tachi-S for the design, development, engineering and testing of certain automotive seating parts and assemblies (collectively, the "Seating") to be used in future Canoo-branded vehicles.

10. Canoo Tech and/or its Debtor affiliates subsequently entered into myriad purchase orders (the "Purchase Orders") with Tachi-S for the actual manufacture and purchase of the Seating.

11. In order to be able to manufacture the Seating, Tachi-S was in some cases first required to design and manufacture, or subcontract with its global affiliates and/or other subsuppliers to manufacture, myriad pieces of unique manufacturing tools, dies, jigs, gauges, fixtures and the like (which are commonly referred to in the automotive industry as "Tooling").

12. The Debtors repeatedly defaulted in making payments under their Purchase Orders to Tachi-S, causing Tachi-S to terminate the Collaboration Agreement and the Purchase Orders.

13. On May 24, 2023, Debtors and Tachi-S entered into an "Agreement Relating to Delivery of NASA Seats" (the "2023 Agreement"), which by its terms superseded all prior agreements between the parties. A true and accurate copy of the 2023 Agreement is attached as **Exhibit A** hereto.

14. In the 2023 Agreement, the Debtors acknowledged that the Collaboration Agreement and Purchase Orders had been terminated by Tachi-S due to Debtors' repeated payment defaults, and the Debtors further acknowledged that they owed Tachi-S more than $15.6 million dollars (defined in the 2023 Agreement as the "Acknowledged Debt").

15. However, the Debtors subsequently failed to pay the Acknowledged Debt to Tachi-S, leading Tachi-S to file a lawsuit against Canoo Tech. on June 28, 2023 in the United States District Court for the Eastern District of Michigan, Case No. 2:23-cv-11548-JJCG-CI (the "District Court Case").

16. In the District Court Case, Canoo Tech argued that certain provisions of the Collaboration Agreement and/or Purchase Orders survived Canoo Tech's entry into the 2023 Agreement and allegedly bestowed certain rights upon Canoo Tech.

17. On March 26, 2024, the District Court rejected Canoo Tech's argument, holding that under the plain and unambiguous language of the 2023 Agreement, the 2023 Agreement was the only enforceable agreement between the parties and superseded all prior agreements. A true and accurate copy of District Court's Opinion is attached as **Exhibit B** hereto.

18. Canoo Tech appealed the District Court's ruling to the Sixth Circuit Court of Appeals.

19. On January 21, 2025, the Sixth Circuit affirmed the District Court's ruling that the 2023 Agreement was the only enforceable agreement between the parties and superseded all prior agreements. A true and accurate copy of Sixth Circuit's Opinion is attached as **Exhibit C** hereto.

20. The Debtors still owe Tachi-S the Acknowledged Debt. *See* Claims Register, Tachi-S Proof of Claim No. 13 filed March 3, 2025 (the "POC").

21. The Trustee and/or WHS Energy assert that the Tooling, and possibly also finished goods inventory and work-in-process (collectively with the Tooling, the "Property") in the possession of Tachi-S, or in the possession of Tachi-S's global affiliates and/or other subsuppliers, constituted property of the Debtors' estates as of the Petition Date and was properly sold by the Trustee to WHS Energy pursuant to the Sale Order.

22. However, the Property was not property of the Debtors' estates because, among other things, the 2023 Agreement does not grant the Debtors any rights in the Property.

23. Accordingly, the Property could not have been sold by the Trustee to WHS Energy pursuant to the Sale Order.

24. Alternatively, even if the Property was property of the Debtors' estates, the Property is and remains subject to Tachi-S's rights under the Uniform Commercial Code to withhold and stop delivery of the Property except for cash payment in the amount of the Acknowledged Debt, and/or is subject to other possessory liens for payment of the Acknowledged Debt, as the Sale did not satisfy the conditions for a sale "free-and-clear" of such liens in the Property pursuant to 11 U.S.C. § 363(f).

25. Tachi-S timely raised these objections prior to the Trustee's sale, and Tachi-S's right to have these claims adjudicated was expressly preserved in paragraph 25 of the Sale Order.

## COUNT I – DECLARATORY JUDGMENT REGARDING OWNERSHIP OF THE PROPERTY

26. Tachi-S incorporates all of the foregoing paragraphs of its Complaint as though fully restated herein.

27. An actual case and controversy now exists between the Parties regarding their respective claims of ownership of the Property.

28. The Property was not property of the Debtors' estates because, among other things, the 2023 Agreement does not grant the Debtors any rights in the Property.

29. Accordingly, the Property could not have been sold by the Trustee to WHS Energy pursuant to the Sale Order.

**WHEREFORE**, Tachi-S respectfully requests that the Court enter a declaratory judgment declaring that the Property was not property of the Debtors' estates and therefore could not have

been sold by the Trustee to WHS Energy pursuant to the Sale Order, that the Court award Tachi-S its attorney's fees and costs, and that the Court grant Tachi-S such further relief as the Court deems just and equitable.

### COUNT II - DECLARATORY JUDGMENT REGARDING TACHI-S'S RIGHT TO WITHHOLD AND STOP DELIVERY AND/OR REGARDING THE POSSESSORY LIENS IN THE PROPERTY

30. Tachi-S incorporates all of the foregoing paragraphs of its Complaint as though fully restated herein.

31. Alternatively, to the extent the Court determines that the Property was property of the Debtors' estates at the time of the sale to WHS Energy, an actual case and controversy now exists between the Parties regarding Tachi-S's rights under the Uniform Commercial Code to withhold and stop delivery of the Property except for cash payment in the amount of the Acknowledged Debt, and/or as to whether the Property is subject to other possessory liens for payment of the Acknowledged Debt, as the Sale did not satisfy the conditions for a sale "free-and-clear" of such liens in the Property pursuant to 11 U.S.C. § 363(f).

**WHEREFORE**, in the alternative, Tachi-S respectfully requests that the Court enter a declaratory judgment declaring that even if the Property was property of the Debtors' estates, the Property is and remains subject to Tachi-S's rights under the Uniform Commercial Code to withhold and stop delivery of the Property except for cash payment in the amount of the Acknowledged Debt, and/or other possessory liens for payment of the Acknowledged Debt, that the Court award Tachi-S its attorney's fees and costs, and that the Court grant Tachi-S such further relief as the Court deems just and equitable.

|  |  |
|---|---|
| May 28, 2025<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Matthew P. Ward*<br>Matthew P. Ward, Esq. (Del. Bar No. 4471)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: matthew.ward@wbd-us.com<br><br>-and-<br><br>**DICKINSON WRIGHT PLLC**<br>James A. Plemmons, Esq.<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>Telephone: (313) 223-3500<br>Facsimile: (844) 670-6009<br>Email: jplemmons@dickinsonwright.com<br><br>*Counsel to Tachi-S Engineering U.S.A., Inc.* |