## **EXHIBIT 1**

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CANOO INC., *et. al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-10094 (BLS)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN COSMA INTERNATIONAL OF AMERICA, INC. AND AFFILIATES, WHS ENERGY SOLUTIONS, LLC, AND THE TRUSTEE REGARDING COSMA'S PROPERTY AND THE RELATED AGREEMENTS**

This Stipulation (this "Stipulation") is entered into by and between Jeoffrey L. Burtch, as chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors"), WHS Energy Solutions, LLC (the "Buyer"), and Cosma International of America, Inc., on its own behalf and on behalf of its affiliates in the Cosma International Group of Magna International Inc. ("Cosma" and, together with the Trustee and the Buyer, collectively, the "Parties").[2]

**RECITALS**

**WHEREAS,** prior to the Petition Date, Cosma and certain of the Debtors were parties to certain purchase orders and related documents (the "Purchase Orders" and together with the related documents including the terms and conditions, the "Governing Agreements") for the supply of

---

[1] The Debtors in these cases are the following entities: (the respective case numbers for each estate following in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc. (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing, LLC (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

[2] For clarity, this Stipulation relates only to Cosma and not to any other Magna International-related company or group of companies (i.e. Magna Electronics; Magna Powertrain; Magna Exteriors; Magna Seating; Magna Steyr; and, Mechatronics, Mirrors & Lighting.)

certain stamping tooling, parts and/or components (the "Cosma Tooling").  True and correct copies of the Governing Agreements can be found attached to the proofs of claims filed by two (2) of the Cosma entities that have significant claims against the Debtors (the "Creditors"), which are also representative samples of the Governing Agreements for the other Cosma entities who may also be holding Cosma Tooling but do not have claims. *See* Canoo Inc., Case No. 25-10094, Claim Nos. 55 (Stadco Limited d/b/a Telford ("Telford," and its proof of claim, the "Telford POC")) and 56 (Magna International Inc. d/b/a Massiv Die-Form ("MDF," and its proof of claim, the "MDF POC")); *and* Canoo Technologies Inc., Case No. 25-10099, Claim Nos. 160 (Telford) and 162 (MDF) (collectively, the "Proofs of Claims").[3]  For clarity, "Cosma Tooling" refers to any tooling stamping tooling, parts and/or components in any stage or production, including all related raw material, work in process and all other related property, excepting only the Drawings (defined below).

**WHEREAS**, the terms and conditions provision applicable to the Governing Agreements provide that "[t]itle shall pass to Canoo upon full payment of all amounts owed by Canoo for the Goods".  Except as noted herein,[4] Canoo never paid in full for, and Cosma never completed nor delivered any, Cosma Tooling to Canoo.

---

[3] The Creditors filed their claims in both the Canoo Inc. and Canoo Technologies Inc. cases in an abundance of caution, in the event that the Chapter 7 Trustee of either of those estates attempts to assert that Creditors filed against the wrong Debtor entity based on the Governing Agreements, given certain overlap and usage of the Debtors names in those documents.  The Creditors reserve all rights in that regard.

[4] Five *de minimis* Purchase Orders to MDF were fully invoiced and paid in full, all in the amount of $50,000 or less.  Those Purchase Orders related to engineering design work and changes required for work to be performed on other Purchase Orders, cancellation charges from prior Purchase Orders that were initially ordered and then cancelled by the Debtor, and prototype parts which were delivered to Canoo upon completion and full payment of the Purchase Orders.

**WHEREAS**, on January 17, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court"). The Debtors' cases (these "Chapter 7 Cases") are being jointly administered at the above-captioned case number;

**WHEREAS**, on or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the interim trustee for the Debtors' estates, and the Trustee now serves pursuant to 11 U.S.C. § 702(d);

**WHEREAS**, on March 4, 2025, the Trustee filed a *Motion for Entry of an Order: Approving Asset Purchase Agreement Pursuant to 11 U.S.C. § 363 and Granting Related Relief* [Docket No. 51] (the "Sale Motion"), wherein the Trustee sought approval to sell substantially all of the Debtors' assets (the "Sale") to WHS Energy Solutions, LLC (the "Buyer") pursuant to a proposed Asset Purchase Agreement (the "APA");

**WHEREAS**, on March 5, 2025, the Trustee filed a *Motion to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)* [Docket No. 53] (the "Extension Motion");

**WHEREAS,** on March 27, 2025 Cosma filed an objection to the Sale Motion [Docket No. 99] (the "Cosma Sale Motion Objection").

**WHEREAS**, on March 28, 2025, the Court approved the Extension Motion [Docket No. 107] (the "Extension Order") and extended the time for the Trustee to assume or reject executory contracts to May 18, 2025 (the "Extended Rejection Deadline");

**WHEREAS**, in conjunction with the Sale, the Trustee sought approval to assume and assign certain executory contracts to the Buyer (collectively, the "Assumed Contract(s)");

**WHEREAS**, the Trustee filed a *Third Notice of Executory Contracts That May Be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Estates' Assets, and the Proposed Cure Amounts* [Docket No. 89] (the "Third Cure Notice");

**WHEREAS**, the Third Cure Notice identified one Cosma entity, i.e. Magna Body & Chassis Iowa ("MBCI") as having an executory contract that may be designated by the Buyer to be assumed and assigned as part of the Sale;

**WHEREAS**, the Third Cure Notice provided a proposed cure amount of $0 for MBCI (the "Proposed Cure Amount");

**WHEREAS**, on April 9, 2025, the Court entered an Order approving the APA and Sale to the Buyer [Docket No. 141] (the "Sale Order");

**WHEREAS**, on April 11, 2025, Cosma filed an objection to the Third Cure Notice on behalf of MBCI (the "Cure Objection" and together with the Cosma Sale Motion Objection, the "Cosma Objection");

**WHEREAS,** the Sale Order expressly stated that the Court did not make any findings regarding (a) whether the Cosma Tooling is property of the Debtors' estates; and (b) whether any agreements exist between Cosma and the Debtors that can be assumed and assigned to the Buyer [*See* Sale Order, ¶ 25];

**WHEREAS**, the Sale Order otherwise transferred to the Buyer all turnover rights, including rights to determine whether certain property held by third parties is property of the Debtors' estates [*See* Sale Order, ¶ 4];

**WHEREAS**, in consideration for the settlement terms contained herein, the Buyer and Cosma have agreed that the Buyer is entitled to any available, as commercially reasonable,

4

drawings, renderings, designs and engineering reports expressly related to the Cosma Tooling as listed on **Exhibit A** as attached hereto (the "Drawings").

**WHEREAS**, the Parties agree that the Cosma Tooling (collectively, the "Cosma Property") is not property of the Debtors' estates and, therefore, Cosma is entitled to sell, use or otherwise dispose of the Cosma Property in its sole discretion, and that the Trustee hereby abandons any and all interest the estate may have in the Cosma Property;

**WHEREAS**, the Parties agree that, the Governing Agreements have terminated;

**WHEREAS**, even if the Governing Agreements were not terminated, the Parties further agree that (a) the Trustee cannot and will not seek to assume and assign the Governing Agreements or any other agreement between Cosma and the Debtors to the Buyer or any other party, and (b) the Extended Rejection Deadline for the Trustee to assume or reject executory contracts has passed and, therefore, the Governing Agreements and any other executory contracts with Cosma are rejected as a matter of law; and

**WHEREAS**, for the avoidance of doubt and to avoid the cost and risk of litigation in connection with the Sale Order, Third Cure Notice or the Cosma Objection, the Parties stipulate that (i) the Governing Agreements and any other agreement between Cosma and the Debtors will not be assumed and assigned through the Sale Order; (ii) the Governing Agreements and any other executory contracts with Cosma are rejected as a matter of law; (iii) the Cosma Property is not property of the Estates and, as such, (a) the Cosma Property is excluded from the Sale to the Buyer, and (b) any action taken with respect to the Cosma Property by Cosma shall not constitute any violation of the automatic stay under section 362 of the Bankruptcy Code; and (iv) the Drawings shall be deemed Purchased Assets conveyed to the Buyer under the Sale Order and Cosma shall transmit the Drawings to the Buyer within 15 days of approval of this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES,** that each of the Parties intend to be legally bound as follows:

1. The above Recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereunder.

2. The Trustee agrees that there are no executory contracts or unexpired leases between Cosma and the Debtors that the Trustee can assume and assign or reject under section 365 of the Bankruptcy Code in these Chapter 7 Cases.

3. Even if the Governing Agreements were not terminated prepetition, the Trustee shall not assume and assign the Governing Agreements to the Buyer or any other party, and the Governing Agreements and any other executory contracts with Cosma are rejected as a matter of law since the Extended Rejection Deadline has passed.

4. The Third Cure Notice is amended through this Stipulation to remove any reference to MBCI. The Trustee will ensure that any further amended cure notices filed by the Trustee or any buyer do not include MBCI.

5. The Cosma Property is not property of the Estates. The Debtors and, by operation of law, the Trustee have no interest, right, or title in and to the Cosma Property.

6. The Cosma Property is therefore expressly excluded from the Purchased Assets defined in the Sale Order and APA.

7. Any action taken by Cosma with respect to the Cosma Property shall not be deemed or considered a violation of the automatic stay under section 362 of the Bankruptcy Code. Subject to Court approval of this Stipulation, since the Cosma Property is not property of the Estates, Cosma shall have no administrative expense claim with respect to the Cosma Property against the Debtors' Estates. However, Cosma expressly reserves the right to assert any administrative expense claim as

a defense to the extent the Debtors' Estates and/or the Buyer attempt to pursue any action against Cosma.

8. Cosma shall cooperate with the Buyer to arrange for the turnover of the Drawings within 15 days of approval of this Stipulation and Order.

9. To the extent that any Drawing incorporates intellectual property that could be deemed to be Cosma's proprietary intellectual property, Cosma grants WHS a perpetual, royalty-free license to use such intellectual property in connection with the utilization of the Drawings.

10. If, following approval of this Stipulation by the Court and through January 31, 2026, Cosma becomes aware that information that would otherwise fit within the definition of "Drawings" is available to it, Cosma shall use reasonable, good faith business efforts to turn such additional information over to WHS without additional consideration, provided, however, that in fulfilling this obligation Cosma shall not be required to: incur any additional costs (other than *de minimis* costs); pay any unaffiliated third party any fee or other remuneration; or, enter into any agreement, arrangement or understanding with any unaffiliated third party.

11. This Stipulation fully and finally resolves the Cosma Objection.

12. This Stipulation shall govern to the extent there are any inconsistencies between the APA, the Sale Order, the Third Cure Notice, or any other filings submitted by the Trustee or Buyer with respect to the Cosma Tooling, Cosma, and/or the Governing Documents.

13. Nothing contained herein shall be deemed a waiver of Cosma's rights and remedies under the Governing Documents, the Bankruptcy Code, or applicable law, including but not limited to Cosma's rights with respect to the Proofs of Claims or any other objections, responses, or filings in these Chapter 7 Cases to protect its rights. The Estates likewise reserve all rights under the Bankruptcy Code, except the Trustee, on behalf of the Estates, waives the right to claim any

of the following in these Chapter 7 Cases: (i) that the Cosma Property is property of the Estates, (ii) that the Governing Documents were not terminated prior the Petition Date, and (iii) that there are executory contracts with Cosma that may be assumed and assigned or rejected.

14. Each of the Parties represents and warrants it is duly authorized to enter into and be bound by this Stipulation, subject to Court approval. This Stipulation and all its terms and conditions shall inure to the benefit of, and be binding on, the Parties and their respective successors and assigns and no third-party rights shall be created hereunder.

15. This Stipulation shall be deemed to have been drafted jointly by the Parties and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

16. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment, in whole or in part, shall be subject to Court approval.

17. This Stipulation shall be effective and enforceable immediately upon entry.

18. The Court retains exclusive jurisdiction to resolve any disputes concerning the interpretation, administration or enforcement of the terms and provisions of this Stipulation.

*[signatures on following page]*

DATED: July 21, 2025

| | |
|---|---|
| **BAYNARD, P.A.** | **COZEN O'CONOR** |
| /s/ GianClaudio Finizio | /s/ Gregory F. Fischer |
| GianClaudio ("JC") Finizio (DE No. 4253) | Gregory F. Fischer (No. 5269) |
| 600 North King Street, Ste. 400 | 1201 N. Market St. Ste. 1001 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| Telephone: (302) 429-4240 | Telephone: (302) 295-2000 |
| Email: GFinizio@bayardlaw.com | Email: gfischer@cozen.com |
| | |
| -and- | *Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee* |
| | |
| **VARNUM LLP** | **GREENBERG TRAURIG LLP** |
| | /s/ J. Gregory Milmoe |
| Brendan G. Best (*Pro Hac Vice*) | J. Gregory Milmoe (*Pro Hac Vice*) |
| *480 Pierce Street, Ste. 300* | One International Place, Ste. 2000 |
| Birmingham, MI 48009 | Boston, MA 02110 |
| Telephone: (313) 481-7326 | Telephone: (617) 310-6064 |
| Email: bgbest@varnumlaw.com | Email: milmoeg@gtlaw.com |
| | |
| *Counsel for Cosma International of America, In. on its own behalf and on behalf of its affiliates in the Cosma International Group of Magna International Inc.* | *Counsel for WHS Energy Solutions, Inc.* |

# EXHIBIT A

**Magna International Inc. (Massiv Die):**

| Part Name | PO # |
|---|---|
| PNL, BODY SIDE OUTER, LH | 3982, 8318, 6012 |
| PNL, BODY SIDE OUTER, RH | 8318, 6012 |
| INNER PANEL FRONT DOOR LH-RH | 4202, 8319, 10200, 10989 |
| ASM WINDOW FRAME FR DOOR LH-RH | 4202, 8319, 10200, 10989, 10200 |
| WINDOW FRAME OUTER RR DOOR LH-RH | 4202, 8319, 10200 |
| OUTER PANEL, DOOR FR LH-RH | 8319, 10989, 11159, 12152 |
| INNER PANEL, DOOR RR LH-RH | 8319, 10200 |
| OUTER PANEL, DOOR RR LH-RH | 8319, 11159, 12152 |
| SKATEBOARD FLOOR  A.1 | 8659, 9781, 10989, 12300 |
| LID, SKATEBOARD | 8659, 9781, 10989, 12300 |
| PNL, BODY SIDE OUTER, LH | 11566 |
| PNL, BODY SIDE OUTER, RH | 11566 |

**Magna Body & Chassis Iowa (MBCI):**

For Purchase Order 00011293, Part Numbers:

1. G1121
2. G1171
3. G3106
4. G3108 – G3608
5. G3109
6. G3114 – G3614
7. G3131 – G3631
8. G3606
9. G3609
10. G5102 – G5201
11. G5401
12. G5402 – G5902