**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CANOO INC., *et al.*,[1] | ) | Case No. 25-10094 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Objection Deadline: October 28, 2026 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: November 4, 2026 at 10:30 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE TRUSTEE TO CONDUCT RULE 2004 EXAMINATIONS AND TO ISSUE SUBPOENAS IN SUPPORT THEREOF; AND (II) GRANTING RELATED RELIEF**

Jeoffrey L. Burtch, solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), pursuant to § 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), moves this Court for entry of an order: (i) authorizing the Trustee to demand and compel by way of subpoena, without further order of the Court, the production of documents and electronically stored information and oral examinations of persons and entities (the "Examinees") that may have information related to the Debtors' affairs or to matters affecting the administration of the Estates; and (ii) granting related relief. In support of this motion (the "Motion"), the Trustee respectfully represents as follows:

**JURISDICTION, CORE NATURE AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc. (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing, LLC (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004 (hereinafter, "Rule 2004"), and Local Rule 2004-1.

3. Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to the Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On January 17, 2025 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

5. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the interim trustee for the Estates. The Trustee now serves as the permanent trustee pursuant to Section 702(d) of the Bankruptcy Code.

6. Prior to the Petition Date, the Debtors were a development stage American automotive technology company that developed and manufactured custom-built electric cargo vehicles for large commercial, government, and fleet customers globally. As part of the Debtors' limited prepetition operations, they possessed significant machinery and equipment on sites located in Texas, Oklahoma, and California. The Debtors ceased all operations as of the Petition Date, and the Trustee is not operating the business.

**The Trustee's Investigation of Potential Claims for the benefit of the Estates**

7. The Trustee is in the process of investigating the conduct of the Debtors' management prior to the Petition Date. In connection with his investigation, the Trustee has identified certain activities warranting further investigation of facts and circumstances that may give rise to claims against the Debtors' former directors and officers (collectively, "D&Os") for benefit of the Estates and their creditors.

8. The Trustee is investigating, among other things, allegations of (i) breach of fiduciary duty; (ii) mismanagement and gross negligence in the operation of the Debtors' business; (iii) failure to maintain adequate financial controls; (iv) self-dealing and/or conflicts of interest; and (v) misrepresentations and other acts or omissions that may have caused harm to the Debtors and their creditors. The Trustee is also investigating whether the D&Os acted with reasonable care to investigate alternatives to filing the Bankruptcy Cases.

9. The Trustee preliminarily intends to seek information from numerous Examinees including former employees, consultants and other entities that contracted with the Debtors. The initial list that the Trustee may seek to obtain documents from or take examinations of include Georgina Pierre, John Maxin, Nitin Patel, Tony Aquila, Foster Chang, Debra von Storch, Deborah Diaz, Greg Ethridge, Hector Ruiz, Thomas Datillo, Claudia Romo Edelman, James Chen, Arthur Kingsbury and Josette Sheeran.

10. While the Trustee is hopeful that most Examinees will cooperate with any request for documents or interviews, out of an abundance of caution, and considering that time is of the essence, the Trustee requests that the Court grant the Trustee the authority to pursue his investigation in a cost-effective and streamlined fashion as set forth in this Motion. The Trustee

believes that this approach is more efficient than the standard meet-and-confer process espoused by Local Rule 2004-1(a) and seeks a waiver of such requirement.

**RELIEF REQUESTED**

11. By the Motion, the Trustee requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) authorizing the Trustee to demand and compel by way of subpoena, without further order of the Court, the production of documents and electronically stored information and oral examinations of Examinees that may have information related to the Debtors' affairs or to matters affecting the administration of the Estates and (ii) granting related relief.

12. Specifically, the Trustee proposes the following procedures in connection with the issuance of any Rule 2004 subpoena:

a. Except as otherwise agreed by the Trustee, or subsequently ordered by the Court, an Examinee that receives a subpoena seeking documents or electronically stored information (whether or not it also seeks testimony) shall, within fourteen (14) days after service of such subpoena: (i) produce all non-privileged documents or electronically stored information responsive to such subpoena, or (ii) file and serve a motion seeking a protective order, which the Court may hear on shortened notice no later than seven days from the filing of such motion.

b. If the subpoena so directs, the Examinee shall appear for an oral examination not less than fourteen (14) days after service of a deposition subpoena on the Examinee, which notice is deemed to be reasonable.

c. As necessary to implement the foregoing, the Trustee and his counsel are authorized to sign and issue a subpoena both to obtain documents from Examinees and to command the attendance of such Examinees at a Rule 2004 examination. The Trustee and his counsel are also authorized to take such actions as may be necessary in any other court to enforce subpoenas and otherwise effectuate the terms of the Court's order with respect to this Motion.

d. The relief requested herein and reflected in the proposed order attached hereto at **Exhibit A** is not intended to limit the substantive rights of any Examinee or other party under applicable law to object to any subpoena issued by the Trustee.

e. The Trustee shall serve a copy of the order authorizing the issuance of the Rule 2004 subpoena on any Examinee.

**BASIS FOR RELIEF**

13. Rule 2004 provides that, “the court may order the examination of any entity” relating to (i) the “acts, conduct, or property” of the debtor; (ii) the “liabilities and financial condition” of the debtor; or (iii) “any matter which may affect the administration of the debtor’s estate. . . .” Fed. R. Bankr. P. 2004(a), (b). Section 101 of the Bankruptcy Code defines an “entity” to include a “person, estate, trust, governmental unit, and United States trustee.” 11 U.S.C. § 101(15). Further, § 105(a) of the Bankruptcy Code grants a bankruptcy court broad statutory authority to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].” 11 U.S.C. § 105(a).

14. A chapter 7 trustee is expressly authorized to “investigate the financial affairs of the debtor.” 11 U.S.C. 704(a)(4). A Rule 2004 examination assists a chapter 7 trustee “in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred.” *See, e.g., In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (“The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate.”); *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984) (“The clear intent of Rule 2004 … is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors.”). Courts often grant motions for examination under Rule 2004 *ex parte*, without the need for a hearing. *See* 9 Collier on Bankruptcy ¶ 2004.01[2] (16th 2025).

15. The scope of a Rule 2004 examination available to a trustee is generally “unfettered and broad” and has been likened to a “fishing expedition.” *See, e.g., Washington Mut.*, 408 B.R. at 49-50 (internal quotation marks and citations omitted); *In re Millennium Lab Holdings II, LLC*,

562 B.R. 614, 626 (Bankr. D. Del. 2016). Consistent with its broad scope, Rule 2004 examinations are commonly used for pre-litigation discovery to evaluate whether a basis exists to commence an action for the benefit of the bankruptcy estate. *See Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("[D]iscovery under [Bankruptcy] Rule 2004 may be properly employed as a prelitigation device.").

16. Moreover, the target of a Rule 2004 examination is not limited to the debtor itself but also includes third parties that have a relationship with the debtor. *See, e.g., Recoton Corp.*, 307 B.R. at 755 ("The scope of [a] Rule 2004 examination is very broad, broader even than discovery under the Federal Rules of Civil Procedure. Any third party who has a relationship with a debtor may be subject to a Rule 2004 investigation.") (quotations and citations omitted); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation.").

17. In the present case, granting the Trustee authority to issue subpoenas to compel production of information and oral examinations under Rule 2004 is central to fulfilling his statutory duties under section 704 of the Bankruptcy Code. The Trustee will seek production of information and testimony related to the Debtors' operations, financial management, the chapter 7 filing and whether former D&Os' acts or omissions resulted in financial harm to creditors. The information that the Trustee seeks to obtain is necessary so that he can better understand the "nature and extent of the bankruptcy estate," the events that led to their chapter 7 filing, and the claims and causes of action the Estates may possess. *See Millennium Lab*, 562 B.R. at 627 (Rule 2004 examination proper where it "is necessary to establish the claim of the party seeking the

examination, or if denial of such request would cause the examiner undue hardship or injustice."). Any claims that the Trustee may ultimately bring on behalf of the Estates will inure to the benefit of the Estates' creditors.

18. The Trustee believes that the need exists to issue requests for Rule 2004 examinations and document subpoenas to numerous entities. The broader authority requested herein, as opposed to requesting individual authority for each specific Rule 2004 examination upon which an informal agreement cannot be reached, promotes efficiency and will streamline administration of the Estates and preserve the limited resources of these chapter 7 estates. While the Trustee anticipates that most parties will voluntarily cooperate with his investigation, the Trustee requires the ability to promptly issue discovery if an Examinee declines to cooperate.

19. Moreover, the requested relief will not unduly prejudice any party that receives a subpoena issued by the Trustee. The proposed order contemplates the full preservation of each Examinee's substantive right to seek protective orders from the Court. The Trustee accordingly submits that it is appropriate for the Court to grant this Motion affording the Trustee the necessary flexibility to efficiently, effectively and timely investigate potential causes of action belonging to the Estates.

## NOTICE

20. The Trustee has provided not less than fourteen days' notice of the hearing on this Motion to (a) the United States Trustee; (b) counsel to the Debtors; (c) those parties requesting notice in the Bankruptcy Cases; and (d) the preliminary list of potential Examinees listed in Paragraph 9 of the Motion. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been requested from this Court or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) authorizing the Trustee to demand and compel by way of subpoena, without further order of the Court, the production of documents and electronic information and oral examinations of Examinees that may have information related to the Debtors' affairs or to matters affecting the administration of the Estates and (ii) granting such other and further relief as is just and proper.

Dated: October 20, 2026

**COZEN O'CONNOR**

*/s/ Gregory F. Fischer*
Mark E. Felger (DE 3919)
Gregory F. Fischer (DE 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com
*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*